UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHAD SCOTT HALLOCK,

     Plaintiff,

v.

CLINTON COUNTY and CLINTON
COUNTY SHERIFF'S OFFICE,

     Defendants.

Case No.:
Hon.

## COMPLAINT AND JURY DEMAND

Plaintiff Chad Scott Hallock, by and through counsel, Carla D. Aikens, P.L.C., brings this Complaint against Defendants Clinton County and Clinton County Sheriff's Office for sex discrimination, hostile work environment, retaliation, age discrimination, and related violations of federal and Michigan civil rights law.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## PARTIES

1. Plaintiff Chad Scott Hallock is an individual residing in Ithaca, Michigan.

2. Defendant Clinton County is a Michigan municipal corporation that operated and controlled the Clinton County Sheriff's Office and employed Plaintiff, directly, jointly, and/or through its Sheriff's Office, within the meaning of

1

Title VII, the Age Discrimination in Employment Act, and the Elliott-Larsen Civil Rights Act.

3. Defendant Clinton County Sheriff's Office is the law enforcement department, office, and/or agency through which Clinton County employed Plaintiff. To the extent the Sheriff's Office is determined not to be a separate suable entity, the claims against it are pleaded against Clinton County through the Sheriff's Office and its final policymakers.

4. Defendants are referred to collectively as "Defendant" unless otherwise stated.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction under 28 U.S.C. section 1331 because Plaintiff asserts claims arising under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act.

6. This Court also has jurisdiction under 42 U.S.C. section 2000e-5(f)(3) and 29 U.S.C. section 626(c).

7. This Court has supplemental jurisdiction over Plaintiff's related Michigan Elliott-Larsen Civil Rights Act claims under 28 U.S.C. section 1367 because those claims arise from the same facts, employment relationship, investigation, discipline, demotion, and constructive discharge alleged in this Complaint.

8.    Venue is proper in this District under 28 U.S.C. section 1391 because the events and omissions giving rise to Plaintiff's claims occurred in Clinton County, Michigan, which is located in the Western District of Michigan.

## ADMINISTRATIVE EXHAUSTION

9.    Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission against the Clinton County Sheriff's Office, designated as EEOC Charge No. 471-2025-01015, alleging discrimination based on sex, age, and retaliation.

10.    Plaintiff also filed an amended charge with the EEOC concerning the same employment relationship and events.

11.    The EEOC completed its processing of Plaintiff's charge and issued a Notice of Right to Sue.

12.    Plaintiff has exhausted, satisfied, or substantially satisfied all administrative prerequisites to bringing this action. To the extent the 90-day filing period is disputed, Plaintiff invokes all applicable doctrines of waiver, estoppel, equitable tolling, relation back, and any other doctrine available under federal law.

## FACTUAL ALLEGATIONS

13.    Plaintiff began working for the Clinton County Sheriff's Office on or about April 16, 2016, as a Corrections Officer.

14.    Plaintiff was promoted to Corrections Sergeant in or around February 2022.

15.    At the time of his separation, Plaintiff was earning approximately $38 per hour.

16.    Plaintiff had no prior disciplinary history, and his annual performance reviews were satisfactory.

17.    Beginning in or around December 2022 and continuing through 2024, subordinate officers under Plaintiff's supervision subjected him to repeated sexual harassment and age-based harassment.

18.    On at least two occasions, Plaintiff was given sexually oriented items, including sex toys and a signed card from multiple officers.

19.    Plaintiff was given a bag of sex toys for Christmas, including a cock ring, a rainbow butt plug, and a card signed by members of his shift.

20.    Plaintiff was also given a book titled "Sex Over 40" with blank pages, which was given to him because of his age.

21.    Subordinate Officer Toby Brunner repeatedly inserted his thumb between Plaintiff's clothed buttocks.

22.    Plaintiff told Brunner to stop the conduct on multiple occasions.

23.    Plaintiff felt violated by Brunner's conduct and reasonably understood the conduct as sexual assault and sexual harassment.

24.  Plaintiff believed Brunner was protected by the administration and that reports against Brunner would not be handled fairly.

25.  When Plaintiff previously raised Brunner's conduct, the administration responded that it was "just Brunner, he does that stuff."

26.  Plaintiff reported the sexual harassment and sexual assault to Captain McGuckin on or about August 7, 2024.

27.  On or about August 16, 2024, shortly after Plaintiff reported the harassment and assault, Captain McGuckin issued Plaintiff a counseling statement that identified alleged performance deficiencies and placed Plaintiff on a performance improvement plan.

28.  On October 2, 2024, during a recorded conversation with Captain McGuckin, Plaintiff formally reported the sexual assault by Officer Brunner again.

29.  Captain McGuckin acknowledged Plaintiff's report during the October 2, 2024 conversation.

30.  Immediately after acknowledging the report, Captain McGuckin pivoted to threatening Plaintiff with demotion and stated: "The sheriff wanted you demoted. I gave you 6 months to try to get the shift something."

31.  During that same recorded conversation, Plaintiff stated that he had been placed in the position of either going after an employee for sexual assault

that he had reported a long time earlier or keeping his job and avoiding demotion.

32. After Plaintiff formally complained of sexual harassment and assault, Defendant placed Plaintiff on paid administrative leave, revoked his building access, revoked his email access, and initiated an investigation through the Michigan Sheriffs' Association Special Investigation Operations Network, also known as the MISSION Team.

33. The MISSION Team was a body deputized by the Sheriff himself.

34. Plaintiff was not allowed to finish his training at the Michigan Jail Command Academy.

35. Plaintiff was monitored by a representative of the Michigan Sheriffs' Association during training sessions.

36. Following a Loudermill hearing on November 12, 2024, Defendant demoted Plaintiff from Corrections Sergeant to Corrections Officer effective immediately.

37. Defendant also placed Plaintiff on a one-year probationary period and required him to undergo mandatory training.

38. Plaintiff lost rank, status, compensation, and other benefits associated with the Corrections Sergeant position.

39. The subordinate officers who engaged in the conduct Plaintiff reported received significantly lesser discipline despite being the individuals who gave Plaintiff sex toys, signed cards, and physically assaulted him.

40. Those subordinate officers received harassment training rather than discipline comparable to Plaintiff's demotion, loss of rank, and probation.

41. Plaintiff requested a transfer away from the officers who had harassed and assaulted him.

42. Defendant denied Plaintiff's transfer request and forced him to continue working with his harassers.

43. After Plaintiff's demotion, a Clinton County officer approached another agency and publicly stated that Plaintiff "was a snake in the grass."

44. The officer also disclosed that Plaintiff had filed sexual-harassment complaints against members of his team.

45. The disclosure of Plaintiff's protected complaints damaged Plaintiff's reputation and interfered with his ability to obtain other employment in law enforcement.

46. Plaintiff took approved FMLA leave beginning in October 2024 due to work-related stress and safety concerns.

47. Plaintiff's approved leave extended through December 26, 2024.

48.    By December 2024, Plaintiff had been demoted, isolated, denied a transfer, subjected to ongoing retaliation, and left without a meaningful way to return to work safely under Defendant's conditions.

49.    On December 8, 2024, Plaintiff submitted his resignation for his mental health and family well-being.

50.    In his resignation, Plaintiff stated: "The last several months have created an unpleasant situation for me and my family. For my mental health, I have decided it best to part ways with your department."

51.    On December 11, 2024, Plaintiff sought to rescind his resignation.

52.    Defendant denied Plaintiff's request to rescind his resignation on December 12, 2024.

53.    Plaintiff's resignation was made effective December 22, 2024.

54.    Defendant's actions made Plaintiff's working conditions objectively intolerable and forced Plaintiff to resign.

**COUNT I**
**Sex-Based Hostile Work Environment in Violation of Title VII**
(Against Defendants)

55.    Plaintiff realleges the preceding paragraphs as if fully set forth herein.

56.    Plaintiff was subjected to unwelcome sexual harassment, including sexually explicit gifts, sexually humiliating conduct, sexually derogatory conduct, and repeated unwanted physical contact of a sexual nature.

57. The harassment was based on Plaintiff's sex and was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment and create an abusive working environment.

58. Defendant knew or should have known about the harassment and failed to take prompt, effective, and adequate remedial action.

59. Defendant instead punished Plaintiff after he reported the harassment and assault.

60. As a direct and proximate result of Defendant's conduct, Plaintiff suffered lost wages, loss of benefits, emotional distress, reputational harm, and other damages.

**COUNT II**
**Retaliation in Violation of Title VII**
(Against Defendants)

61. Plaintiff realleges the preceding paragraphs as if fully set forth herein.

62. Plaintiff engaged in protected activity by reporting sexual harassment and sexual assault to Defendant, including on or about August 7, 2024, and October 2, 2024.

63. Defendant knew about Plaintiff's protected activity.

64. Defendant took materially adverse actions against Plaintiff, including issuing a counseling statement and performance improvement plan, placing him on administrative leave, revoking access, demoting him, placing him on

9

probation, denying his transfer request, denying his request to rescind his resignation, and permitting or failing to prevent disclosure of his protected complaints to others.

65. A causal connection exists between Plaintiff's protected activity and the adverse actions.

66. The causal connection is shown in part by the close timing between Plaintiff's protected reports and Defendant's disciplinary actions, including Captain McGuckin's October 2, 2024 threat of demotion during the same recorded conversation in which Plaintiff reported sexual assault.

67. As a direct and proximate result of Defendant's retaliation, Plaintiff suffered lost wages, loss of benefits, emotional distress, reputational harm, and other damages.

## COUNT III
### Age Discrimination and Age-Based Hostile Work Environment in Violation of the ADEA
(Against Defendants)

68. Plaintiff realleges the preceding paragraphs as if fully set forth herein.

69. Plaintiff was born on February 8, 1978, and was over 40 years old during the events alleged in this Complaint.

70. Plaintiff was subjected to age-based harassment, including being given a book titled "Sex Over 40" with blank pages and being referred to by derogatory age-related terms, including "BHF."

71.   Defendant knew or should have known of the age-based harassment and failed to take prompt, effective, and adequate remedial action.

72.   Defendant disciplined, demoted, and constructively discharged Plaintiff rather than correcting the discriminatory and retaliatory conditions he reported.

73.   Plaintiff's age was a but-for cause of Defendant's discriminatory treatment, discipline, demotion, constructive discharge, and/or the hostile work environment alleged herein.

74.   As a direct and proximate result of Defendant's age discrimination, Plaintiff suffered lost wages, loss of benefits, emotional distress, reputational harm, and other damages.

## COUNT IV
**Sex Discrimination and Hostile Work Environment in Violation of Michigan's Elliott-Larsen Civil Rights Act**
(Against Defendants)

75.   Plaintiff realleges the preceding paragraphs as if fully set forth herein.

76.   The Elliott-Larsen Civil Rights Act prohibits discrimination in employment because of sex.

77.   Defendant subjected Plaintiff to, permitted, and failed to remedy a sex-based hostile work environment.

78.   Defendant's conduct and inaction altered the terms, conditions, and privileges of Plaintiff's employment.

11

79. As a direct and proximate result of Defendant's violations of the Elliott-Larsen Civil Rights Act, Plaintiff suffered lost wages, loss of benefits, emotional distress, reputational harm, and other damages.

## COUNT V
## Retaliation in Violation of Michigan's Elliott-Larsen Civil Rights Act
(Against Defendants)

80. Plaintiff realleges the preceding paragraphs as if fully set forth herein.

81. Plaintiff engaged in protected activity under the Elliott-Larsen Civil Rights Act by reporting sexual harassment, sexual assault, discrimination, and retaliatory treatment.

82. Defendant knew of Plaintiff's protected activity.

83. Defendant took materially adverse employment actions against Plaintiff because he engaged in protected activity.

84. The adverse actions include the counseling statement, performance improvement plan, administrative leave, revocation of access, demotion, probation, denial of transfer, denial of rescission, reputational harm, and constructive discharge.

85. As a direct and proximate result of Defendant's retaliation, Plaintiff suffered lost wages, loss of benefits, emotional distress, reputational harm, and other damages.

## COUNT VI

12

**Age Discrimination and Age-Based Hostile Work Environment in Violation of Michigan's Elliott-Larsen Civil Rights Act**
(Against Defendants)

86.    Plaintiff realleges the preceding paragraphs as if fully set forth herein.

87.    The Elliott-Larsen Civil Rights Act prohibits discrimination in employment because of age.

88.    Plaintiff was subjected to age-based harassment and discriminatory treatment because of his age.

89.    Defendant knew or should have known of the age-based harassment and failed to take prompt, effective, and adequate remedial action.

90.    Defendant's conduct and inaction altered the terms, conditions, and privileges of Plaintiff's employment and caused Plaintiff to suffer damages.

91.    As a direct and proximate result of Defendant's age discrimination, Plaintiff suffered lost wages, loss of benefits, emotional distress, reputational harm, and other damages.

## DAMAGES

92.    As a result of Defendant's unlawful conduct, Plaintiff suffered and continues to suffer lost wages, lost benefits, loss of rank, loss of seniority, lost earning capacity, emotional distress, anxiety, humiliation, reputational harm, and other compensable losses.

13

93.    Plaintiff is entitled to all legal, equitable, compensatory, statutory, and other relief available under federal and Michigan law.

## **PRAYER FOR RELIEF**

94.    WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants.

95.    Plaintiff requests back pay, front pay, lost benefits, compensatory damages, liquidated damages where available, interest, attorneys' fees, costs, expungement of the demotion and related discipline from his personnel record, and all other relief the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: July 7, 2026                                  Respectfully submitted,


<u>*/s/ Thameka I. Hall*</u>
CARLA D. AIKENS, P.L.C.
Carla D. Aikens (P69530)
Thameka I. Hall (P79693)
615 Griswold Street, Suite 709
Detroit, Michigan 48226
Tel: (844) 835-2993
Fax: (877) 454-1680
thameka@aikenslawfirm.com
*Attorneys for Plaintiff*

14